IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IKON GROUP OPPORTUNITY ZONE FUND, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:24-cv-480-SDJ-KPJ |
| GREAT AMERICAN INSURANCE COMPANY, | § § § § | |
| Defendant. | § § | |

### MEMORANDUM OPINION AND ORDER

Defendant Great American Insurance Company ("Defendant") filed the Notice of Removal (Dkt. 1) asserting that the Court has subject matter jurisdiction to proceed over this civil action pursuant to diversity jurisdiction as defined in 28 U.S.C. § 1332. For the reasons discussed below, Defendant has not met its burden of pleading and proving subject matter jurisdiction.

### I.  PROCEDURAL HISTORY

On May 3, 2024, Plaintiff Ikon Group Opportunity Zone Fund, LLC ("Plaintiff") initiated this action by filing a petition (the "Petition") in the 59th District Court of Grayson County, Texas against Defendant Great American Insurance Company ("Defendant"). *See* Dkts. 1 at 1; 1-3 at 1. In the Petition, Plaintiff alleges that Defendant wrongfully denied or delayed payment for claims resulting from damage to a structure. *See* Dkts. 1 at 1–2; 1-3 at 3–5. Plaintiff further alleges that the claim was made pursuant to an insurance policy issued by Defendant to Plaintiff and concerned a covered cause of loss. *See* Dkts. 1 at 2; 1-3 at 3–5. Based on these allegations, Plaintiff asserts causes of action for breach of contract, breach of good faith and fair dealing, deceptive trade practices, and violations of the Texas Insurance Code. Dkt. 1-3 at 5–9. Furthermore, Plaintiff

requests damages in excess of $1,000,000.00. *Id.* at 3. On May 6, 2024, Defendant received citation and a copy of the petition. *See* Dkt. 1 at 1. On May 29, 2024, Defendant removed this case to federal court on the basis of diversity jurisdiction. *See id.* In the Notice of Removal (Dkt. 1), Defendant asserts that there is complete diversity between the parties. *Id.* at 2. Defendant explains the citizenship of the parties as follows:

> Plaintiff, by virtue of the citizenship of its members, is a citizen of the state of Texas. A corporation is a citizen of the state where it is incorporated and the state where it has its principal place of business. *See Thomp.son* [sic] *v. Deutsche Bank Nat'l Tr. Co.*, 775 F.3d 298, 303 (5th Cir. 2014) (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999)[.] Therefore, for purposes of diversity, Great American is a citizen of Ohio.

Dkt. 1 at 2. As discussed below, this explanation is plainly insufficient to invoke diversity jurisdiction.

## II.    LEGAL STANDARD

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). Furthermore, federal courts "have the responsibility to consider the question of subject matter jurisdiction *sua sponte* . . . and to dismiss any action if such jurisdiction is lacking." *Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1297 (5th Cir. 1985) (first citing FED. R. CIV. P. 12(h)(3); and then citing *In re Kutner*, 656 F.2d 1107, 1110 (5th Cir. Unit A Sept. 1981)). 28 U.S.C. § 1441 provides that a civil action is removable on the basis of diversity jurisdiction as defined in Section 1332(a). 28 U.S.C. § 1441(b). Pursuant to Section 1332(a), federal courts have diversity "jurisdiction of all civil actions where the matter in controversy exceeds . . . $75,000" and is between "citizens of different states." 28 U.S.C. § 1332(a). "The removing party bears the burden of showing that subject matter jurisdiction exists and that removal was proper." *Mims v. Deepwater Corrosion Servs. Inc.*, 90 F.

Supp. 3d 679, 685 (S.D. Tex. 2015) (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)).

### III.  ANALYSIS

#### A.  Citizenship of LLCs

For the purposes of diversity jurisdiction, "the citizenship of a[n] LLC is determined by the citizenship of all of its members." *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019) (alteration in original) (quoting *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008)) (internal quotation marks omitted). "And it is common for an LLC to be a member of another LLC. Consequently, citizenship of LLCs often ends up looking like a factor tree that exponentially expands every time a member turns out to be another LLC, thereby restarting the process of identifying the members of that LLC." *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1220 (11th Cir. 2017).

In the present case, Defendant alleges that "Plaintiff, by virtue of the citizenship of its members, is a citizen of the state of Texas." Dkt. 1 at 2. However, Defendant does not identify the members of the LLC—not to mention the citizenship of each of those members. As explained above, the citizenship of an LLC is determined by the citizenship of all of its members. Accordingly, the Notice of Removal insufficiently alleges the citizenship of Plaintiff.

#### B.  Citizenship of Corporations

For the purposes of diversity jurisdiction, "[a] corporation is 'a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.'" *MidCap*, 929 F.3d at 314 (quoting 28 U.S.C. § 1332(c)(1)). Thus, "allegations regarding the citizenship of a corporation must set out the principal place of business

of the corporation as well as the state of its incorporation." *Id.* (quoting *Neeley v. Bankers Tr. Co. of Tex.*, 757 F.2d 621, 634 n.18 (5th Cir. 1985)) (internal quotation marks omitted).

In the present case, Defendant alleges it is a citizen of Ohio. Dkt. 1 at 2. However, Defendant fails to allege its principal place of business and the state where it is incorporated. Thus, the Notice of Removal insufficiently alleges Defendant's citizenship.

Taken together, Defendant has failed to allege the citizenship of the parties to this litigation. For this reason, Defendant has not met its burden of pleading and proving subject matter jurisdiction. *See, e.g.*, *Mims*, 90 F. Supp. 3d at 685 ("The removing party bears the burden of showing that subject matter jurisdiction exists and that removal was proper." (citing *Manguno*, 276 F.3d at 723)).

## IV.   CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant shall amend the Notice of Removal (Dkt. 1) to sufficiently allege diversity jurisdiction within fourteen (14) days of receipt of this Memorandum Opinion and Order.

**So ORDERED and SIGNED this 10th day of June, 2024.**

KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE